| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** *Caption in Compliance with D.N.J. LBR 9004-1(b)* Edmond M. George, Esquire Turner N. Falk, Esquire Obermayer Rebmann Maxwell & Hippel LLP 1120 Route 73, Suite 420 Mount Laurel, NJ  08054 (856) 795-3300 (856) 482-0504 (fax) edmond.george@obermayer.com turner.falk@obermayer.com *Special Counsel for Chapter 7 Trustee, John W. Hargrave* | |
| **In re:** <br><br> LOCALBIZUSA, INC., <br><br>       **Debtor.** | **Chapter 7** <br><br> **Case No. 09-20654 (JNP)** |
| LOCALBIZUSA, INC., by and through JOHN W. HARGRAVE, Chapter 7 Trustee, <br><br>   **Plaintiff,** <br>  v. <br><br> UNIQUE BILLING SOLUTIONS, LLC, a Nevada Limited Liability Corporation, JEFFREY ROSENBERG, an individual, FRANK CAHILL, an individual, and, JOHN DOES 1-10, individuals, <br><br>       **Defendants.** | **Adversary No. 14-1454 (JNP)** <br> **Hon. Jerrold N. Poslusny, Jr.** |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF OBERMAYER REBMANN MAXWELL & HIPPEL LLP, SPECIAL COUNSEL TO JOHN W. HARGRAVE, CHAPTER 7 TRUSTEE, FOR THE PERIOD <u>FEBRUARY 5, 2014 THROUGH AUGUST 13, 2021</u>**

  Obermayer Rebmann Maxwell & Hippel LLP ("Obermayer" or "Applicant"), in accordance with Fed. R. Bankr. P. 2016 hereby applies under Section 330 of the Bankruptcy Code for an award of compensation and reimbursement of actual, necessary expenses as Special Counsel to John W. Hargrave, Chapter 7 Trustee (the "Trustee") of the estate of LocalBizUSA, Inc. (the "Debtor" or "LocalBiz") and represents:

**BACKGROUND**

1. The Debtor's case was commenced on April 28, 2009, by the filing of an involuntary Chapter 7 proceeding by certain of the Debtor's creditors.

2. On May 21, 2009, the Debtor commenced a bankruptcy case by filing a voluntary Chapter 11 petition under 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

3. On or about June 15, 2009, the Court entered a consent order substantively consolidating the Debtor's proceedings.

4. On June 24, 2009, the Court entered an order converting the Debtor's case to one under Chapter 11.

5. On or about October 9, 2012, the Court entered an order wherein the Bankruptcy case was converted to a Chapter 7 proceeding.

6. By Order dated February 25, 2014, this Court authorized the Trustee to employ Obermayer as their counsel. Attached hereto as Exhibit "A" is a copy of the Court's Order authorizing the employment of Obermayer in this bankruptcy case.

7. The Trustee, through the Applicant, instituted this adversary proceeding seven (7) years ago, on May 6, 2014, seeking recovery of moneys diverted away from the Debtor and its creditors by the acts and/or omissions of the Defendants, North American Marketing Tours, Inc. ("NAMT"), International Consulting and Management Group, LLC, ("ICMG"), and Unique Billing Solutions ("UBS"), and their respective principals, Thomas J. Freund ("Freund"), Louis Freedman ("Freedman"), Jeffrey Rosenberg ("Rosenberg"), and Frank Cahill ("Cahill"), among others (collectively the "Defendants").

**Part A: Narrative of Services Rendered**

8. Applicant serves as Special Counsel for the Trustee.

9. All services rendered and expenses incurred for which compensation or

reimbursement is requested were performed or incurred on behalf of the Trustee.

10. The services described in this Application are actual, necessary services, and the compensation requested for those services is reasonable.

11. Applicant represented the Trustee in filing and litigating the instant adversary proceeding against the Defendants over the course of the past seven (7) years, seeking recovery of moneys diverted away from the Debtor and its creditors by the acts and/or omissions of the Defendants.

12. Applicant represented the Trustee throughout the present adversary proceeding, including, but not limited to filing a series of amendments to the original Adversary Complaint, defending the Trustee against multiple motions to dismiss, conducting years' worth of discovery, including filing numerous motions to compel discovery and conducting numerous multi-day depositions, and negotiating two (2) separate settlement agreements with the Defendants.

13. Applicant represented the Trustee at all times throughout the present adversary proceeding against the Defendants, who were, throughout the bulk of the adversary proceeding, uncooperative and unresponsive with respect to both Applicant and the Trustee.

14. Applicant represented the Trustee in obtaining court approval of two (2) separate settlement agreements; one (1) between the Trustee and Freund, Freedman, Ronald Citta ("Citta"), NAMT, and ICMG, and one (1) between the Trustee and Rosenberg, Cahill, and UBS.

15. The expenses described in this Application are actual, necessary expenses incurred on behalf of the Trustee.

16. Applicant believes that the compensation sought by this Application is reasonable and fair in light of the time and effort devoted, the responsibilities undertaken, the results achieved, the quality and efficiency of the work performed, the standing of Applicant, and the other relevant factors normally considered by the Court on requests of this nature.

17. This Application is submitted under the standards set forth in the decision of <u>In re Busy Beaver Building Centers, Inc.</u>, 19 F.3d 833 (3d Cir. 1994), which this Court will use in assessing the propriety of this request for attorneys fees.

18. Applicant has not shared or agreed to share any compensation or reimbursement received hereunder with another person, nor has Applicant agreed to share any compensation or reimbursement received by another with reference to this case.

19. Applicant was retained on a contingent basis.

20. Applicant has been paid a total of $51.00 as retainer since Applicant was retained by the Trustee.

21. In the interest of ensuring that a meaningful distribution is made to creditors in this case, Applicant seeks approval of compensation in the amount of $200,000.00.

22. This treatment, which was specifically negotiated with the Trustee, represents a significant, voluntary reduction from the reasonable billable amount set out in Applicant's hourly records.

**Part B: Billing Summary**

**Detail of Hours Expended**

23. Attached hereto as Exhibit "B" is a detailed, chronological itemization covering all of the services performed by Applicant on behalf of the Trustee in this bankruptcy matter from February 5, 2014, through August 13, 2021. The itemizations indicate the identity of the persons who performed legal services (attorneys and paraprofessionals) on behalf of the Trustee, a description of duties that were performed, and the amount of time expended for such services by such persons on that date.

**Expense Summary**

24. Attached hereto as Exhibit "C" is a description of the costs actually expended by

the Applicant in the performance of services rendered on behalf of the Trustee for the period March 10, 2014, through August 3, 2021. Applicant has detailed in this Application all time committed to the retention.

WHEREFORE, Applicant prays for this Court to approve the Application and authorize an allowance of compensation in the amount of $200,000.00, for professional services rendered as Special Counsel to the Trustee, and for reimbursement for actual and necessary costs incurred by the Applicant.

Respectfully Submitted,

Dated: September 8, 2021

By: */s/ Edmond M. George*
    Edmond M. George, Esquire